LENORA JANET GREEN, PLAINTIFF-APPELLANT, v. NORMAN M. GREEN, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 19, 1952—Decided June 3, 1952.

Before Judges EASTWOOD, BIGELOW and FRANCIS.

*Mr. Aaron Marder* argued the cause for the plaintiff-appellant.

*Mr. Abraham M. Herman* argued the cause for the defendant-respondent.

The opinion of the court was delivered by

EASTWOOD, S. J. A. D. The plaintiff, Lenora Janet Green, seeks to vacate the judgment of dismissal by the Chancery Division of her suit for separate maintenance and custody of two infant children of the marriage, entered on October 24, 1950, from which no appeal was taken. Her petition, filed November 19, 1951, alleges that the defendant secured the dismissal of the plaintiff's former action by fraud, in that he planned throughout the pendency of that suit, to leave the jurisdiction of this State, despite his aforesaid affidavits to the contrary, "to go to a jurisdiction which did not require a long residence before the institution of a suit for divorce, and attempt to obtain a divorce from the plaintiff in such jurisdiction, and that he did not actually intend to remain there, and thus defeat, circumvent or impede the plaintiff's rights to support of herself and said children and her custody of said children, and thereby committed a fraud upon this court"; further, he "planned to make the aforesaid contributions for the support of plaintiff and said children only in order to defeat the plaintiff's suit and to stop making said contributions as soon as he thought it was safe to do so, * * *"; further, "that the defendant went to Florida as aforesaid and instituted said suit for divorce in Florida, as aforesaid, in furtherance of the plan had by him throughout the pendency of this suit, and thereby committed a fraud upon this court."

The pertinent part of the statute effective at the time of the entry of the aforementioned judgment of dismissal, reads as follows:

"If a husband, without justifiable cause, shall abandon his wife or separate himself from her and refuse or neglect to maintain and

provide for her, the court may order suitable support and maintenance to be paid and provided by the husband for the wife and her children, or any of them, by their marriage, or to be made out of his property and for such time as the nature of the case and circumstances of the parties render suitable and proper in the opinion of the court. * * *" *R. S.* 2:50–39; now *N. J. S.* 2A:34–24.

At the time of the hearing the parties were then living separate and apart and the defendant was making contributions for the support of his wife and children in conformity with his agreement at the time he left her. The trial court at the conclusion of the testimony, stated:

"* * * The parties made an agreement or an agreement to separate. The terms of the agreement were that he was to pay $30.00 a week for the support of the wife and child at home, and also contribute the $50.00 towards the school for the other child. At the time, the writ of *ne exeat* was issued, the plaintiff had been receiving the $30.00 a week. Also there was no cause of action on the statutory separate maintenance grounds at the time this complaint was instituted."

Thereupon, the judgment of dismissal was entered, wherein the court found, *inter alia,* "* * * that the plaintiff failed to prove that the defendant, without justifiable cause, abandoned the plaintiff and that the defendant refused and neglected to maintain and provide for her; * * *" and, "Ordered that the Complaint be and is hereby dismissed without further costs to the defendant; * * *."

The plaintiff's remedy was by way of appeal from the aforementioned judgment of dismissal, but no appeal was taken. When the instant proceeding was instituted, such an appeal was out of time. *Rules* 1:2–5, 4:2–5. *Winberry v. Salisbury,* 5 *N. J.* 240 (1950) and *In re Pfizer,* 6 *N. J.* 233 (1951).

In the instant proceeding, the plaintiff asserts that the defendant, by continuing his payments for support and his assurance to the court, in the earlier action, made in an affidavit wherein the defendant sought the dismissal of a writ of *ne exeat,* that he never intended, nor did not intend, "to leave the State of New Jersey, or to evade the jurisdiction of

this court," committed a fraud upon the court causing it to enter the judgment of dismissal; that his subsequent departure from this jurisdiction to go to Florida for the alleged purpose of securing a divorce, the subsequent institution of such proceedings, resulting in his obtaining such a decree of divorce in that state, were evidential of the defendant's fraudulent state of mind at the time of the dismissal of the maintenance suit. While the Florida decree contains no provision for the maintenance of the plaintiff or children, she concedes that she has been and still is receiving contributions towards the support of herself and children.

The defendant contends that, assuming the requisite proof of fraud were shown, the plaintiff's instant application, filed one year and 26 days after the entry of the judgment of dismissal, is not timely, citing *Rule* 3 :60–2, which provides, *inter alia*:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons  *  *  *  (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;  *  *  *  The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."

*Per contra,* the appellant contends that *Rule* 3 :60–2 "does not 'limit the court's power to set aside a judgment, order or proceeding for fraud upon the court.' Nor does the year limitation apply to (5) when 'it is no longer equitable that the judgment or order should have no prospective application.' "; that the conduct of the defendant constitutes "a fraud upon the court, for which the judgment of dismissal should be vacated." We do not find it necessary, under the circumstances here, to determine the question of the timeliness of the plaintiff's instant application. It may not be amiss, however, to quote from the recent case of *Shammas v. Shammas,* 9 *N. J.* 321, decided April 28, 1952, wherein Mr. Justice Brennan, speaking for the Supreme Court, stated:

."⁂ * * Both *Rule* 3:60–2 and *Federal Rule* 60 (b) expressly abandon the distinction for the purposes of a motion by a party, or his legal representative, made within one year of the final judgment by providing that 'the court may relieve a party or his legal representative from a final judgment * * * for * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic) * * * of an adverse party.' *Balip Automotive Repairs, Inc., v. Atlantic Casualty Ins. Co.,* 7 *N. J.* 152 (1951), affirming 8 *N. J. Super.* 238 (*App. Div.* 1950) which reversed on the merits 6 *N. J. Super,* 511 (*Law Div.* 1949). However, the fourth sentence of the two rules allowing relief without time limitation for 'fraud upon the court' is not similarly specific. Nevertheless, upon principle, we hold that relief for fraud upon the court may be allowed under our rule whether the fraud charged is denominated intrinsic or extrinsic."

We think the proofs fail to establish any fraud perpetrated upon the court when the judgment of dismissal on the plaintiff's maintenance suit was entered. The defendant is employed by a company that operates on a national scale and went to Florida as his employer's representative, about six or eight months after the judgment of dismissal. Plaintiff contends that he deliberately sought the Florida assignment so that he might establish his residence there for the purpose of instituting his suit for divorce and ultimately escaping his marital obligations. This appears to be mere speculation and finds no support in the proofs. All of the acts relied upon by the plaintiff to establish her charge of fraudulent conduct of the defendant in obtaining the judgment of dismissal in the earlier litigation, appear to have occurred after the entry thereof. In support of her argument, the plaintiff relies rather heavily upon the cases of *Boice v. Boice,* 131 *N. J. Eq.* 41 (*E. & A.* 1941) and *Staedler v. Staedler,* 6 *N. J.* 380 (1951). Neither of these cases is apposite. In the *Boice* case, where the husband, by advising the court that he would take his wife back and support her, induced her to discontinue her suit for separate maintenance for herself and two children, the court held that the dismissal of the suit was obtained by fraud, both upon the plaintiff and the court, in that after the dismissal of the suit, at the request of the husband, the wife and children went to Florida to live

with him where he starved and beat her and compelled her and children to live under the same roof with his paramour; that he instituted a divorce proceeding in Florida and made no efforts to maintain his wife and children, "but on the contrary has continued his desertion, cruelty and adultery." In the *Staedler* case, the Supreme Court held that where it appeared that the husband had been granted a divorce in Florida through the perpetration of fraud upon the court of that state, and although the wife willingly and knowingly participated in the fraud by allowing her husband to obtain the divorce in that jurisdiction, the wife was not estopped from challenging the foreign decree in view of the fact that the husband admitted cohabitating with his second wife during the period prior to a ceremonial marriage and before the second wife was divorced from her first husband. In the case *sub judice,* the plaintiff's contention that the subsequent fraudulent acts of defendant are confirmatory proof of the defendant's state of mind at the time of the hearing of the maintenance suit (*Roberts v. James,* 83 *N. J. L.* 492, 497 (1912)), "is not sufficiently supported by the totality of the evidence in the record before us." *Tsibikas v. Morrof,* 12 *N. J. Super.* 102 (*App. Div.* 1951). Additionally, and most important, the fact that stands out most clearly is that the trial court, in the maintenance suit, decided adversely to the plaintiff the contested issue as to whether the defendant had abandoned his wife and children and had failed to sufficiently support them. Nowhere in the record does it appear that the trial court was influenced by nor did it place any reliance upon the defendant's statement that he was a resident of New Jersey and would continue to be subject to the jurisdiction of its courts.

The order of the Chancery Division entered on December 14, 1951, is affirmed.